PEARSON, Judge.
We are presented with a petition for certiorari to review an order of the Florida Industrial Relations Commission which holds that petitioner is not eligible for unemployment compensation. The petitioner raises the constitutional question:
“Whether the explicit exclusion of ‘domestic service’ as set forth in sect. 443.03[(5)] (g) (2) is violative of the equal protection clause of the Fourteenth amendment to the Constitution of the United States ? ”
This question is initially raised in an original proceeding in this court, therefore we have jurisdiction to decide it.
Petitioner was employed in a private home as a domestic servant. She was discharged and filed a claim pursuant to Chapter 443, Fla.Stat., F.S.A., which is the Florida Unemployment Compensation Act. The claim was denied upon the ground that her former employment as a domestic servant is specifically excluded from benefits by F.S. § 443.03(5) (g) 2, F.S.A., which provides:
“(g) The term ‘employment’ shall not include:
******
“2. Domestic service in a private home, local college club, or local chapter of a college fraternity or sorority; ”
******
Petitioner’s argument is based upon an extension of the reasoning of the United States Supreme Court in Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1968), and Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1969). Each of these opinions has as its subject a state’s statute requiring a one year residency for welfare assistance. In holding invalid the residency requirement for welfare the court held that the right to travel is a fundamental right which was infringed upon by the denial of welfare benefits to residents who had recently entered the state and who had not resided within the state long enough to meet the state requirement. The court held that the residency requirement created a classification of those receiving welfare benefits which (1) did not serve a valid state purpose and (2) was not reasonable in attaining its purpose. The court held that the residency requirement was an invidious discrimination denying those excluded from welfare equal protection of the laws. See 23 U. of Fla.L.Rev. 598 (1971); 53 Marq.L.Rev. 441 (1970); 21 Syracuse L.Rev. 303 (1970).
In the instant case petitioner argues that the payment to her of unemployment compensation from employer taxation is a right or a privilege and that in order for the Florida Unemployment Compensation Act to exclude domestic servants as a class, the classification must meet the *841 tests set forth in Shapiro v. Thompson (supra) for welfare payments. We think that the analogy does not apply, because the payment of unemployment compensation has not been elevated to a constitutional right and no constitutional right is abridged by the classification as set forth in F.S. § 443.03, F.S.A.
In Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245 (1937), the Supreme Court of the United States upheld the Alabama Unemployment Compensation Act upon a constitutional attack claiming that the classification of employees was so arbitratory and discriminatory as to infringe upon Fourteenth Amendment rights. In Carmichael, the court held:
“It is inherent in the exercise of the power to tax that a state be free to select the subjects of taxation and to grant exemptions. Neither due process nor equal protection imposes upon a state any rigid rule of equality of taxation, (citations omitted.) This Court has repeatedly held that inequalities which result from a singling out of one particular class for taxation or exemption, infringe no constitutional limitation. (citations omitted.)
“Like considerations govern exemptions from the operation of a tax imposed on the members of a class. A legislature is not bound to tax every member of a class or none. It may make distinctions of degree having a rational basis, and when subjected to judicial scrutiny they must be presumed to rest on that basis if there is any conceivable state of facts which would support it. (citations omitted.)
* * * * * *
“Administrative considerations may explain several exemptions. Relatively great expense and inconvenience of collection may justify the exemption from taxation of domestic employers, farmers, and family businesses, not likely to maintain adequate employment records, which are an important aid in the collection and verification of the tax.”
^ * * * ‡
We hold that this review of the denial of petitioner’s application for unemployment compensation is governed by the principles stated in Carmichael.
The petition for certiorari is denied.